IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GROVER DON JAMES,

                    Plaintiff,

        v.                              CASE NO. 21-3289-SAC

JEFF ZMUDA, et al.,

                    Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

### I.  Nature of the Matter before the Court

Plaintiff Grover Don James filed this pro se civil action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a Hard 50 sentence in the Kansas Department of Corrections (KDOC) for his 2016 convictions for first-degree murder and criminal possession. *State v. James*, 309 Kan. 1280, 1286, 1297 (2019). He names as defendants Sam Cline, former warden of Lansing Correctional Facility (LCF); Douglas Burris, whom Plaintiff alleges acted as the ICC coordinator; Joe Norwood, former Secretary of the KDOC; and Jeff Zmuda, current Secretary and former Acting Secretary of the KDOC. (Doc. 1, p. 1-3.)

As the factual background for this complaint, Plaintiff alleges that in 2018, Defendant Burris approved Plaintiff's transfer to Florida to be incarcerated there under the authority of the Interstate Corrections Compact (ICC). At the time,

Plaintiff's direct appeal of his convictions was proceeding through Kansas state courts, and Plaintiff asserts that the transfer left him without access to Kansas law and legal materials that he needed to properly prepare for his appeal and for his subsequent motion for postconviction relief under K.S.A. 60-1507. *Id.* at 1-2. Plaintiff asserts that he wrote to the "Kansas Department of Corrections," Defendant Burris, and Defendant Norwood to request his transfer back to Kansas, but they and Defendant Zmuda denied relief, stating Plaintiff could not be housed in Kansas. *Id.* at 3-5. Plaintiff asserts that Defendant Cline "sign[ed] off classifying [Plaintiff] unable to house in the State of Kansas," a decision Plaintiff asserts Defendant Norwood "affirmed and furthered." *Id.* at 1, 3. As a result of his incarceration in Florida and the lack of Kansas legal materials there, Plaintiff contends, his direct appeal and his 60-1507 motion were both unsuccessful. *Id.* at 5.

In Count I of his complaint, Plaintiff claims that Defendants violated his right to prepare a proper defense under the Sixth Amendment to the United States Constitution when they transferred him to Florida and, by doing so, deprived him of access to the Kansas legal materials he needed to prepare his direct appeal. *Id.* at 5. In Count II, Plaintiff claims that the transfer and the resulting lack of access to Kansas legal materials violated his due process and equal protection rights under the Fourteenth

Amendment and he claims that the transfer violated the ICC's prohibition against interstate transfer during an inmate's direct appeal. *Id.* In Count III, Plaintiff claims that Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment when they refused his requests to be transferred back to Kansas. *Id.* at 6. In his request for relief, Plaintiff seeks injunctive relief directing Kansas state courts to reopen his direct appeal and 60-1507 proceedings, presumably for reconsideration of their merits, and punitive damages of $1,000,000.00. *Id.* at 7.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

### A. Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally

3

construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When deciding if a complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Under the new standard, the Court must determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 1974).

Although the Court accepts well-pled factual allegations as true, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Smith*, 561 F.3d at 1098; *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558.   The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In short, the Court must liberally construe pro se filings, but the Court will not serve as the advocate for a pro se litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### Count I – Denial of Right to Present a Defense

As the basis for Count I, Plaintiff generally asserts a "violation of the 6th Amendment [because] Plaintiff was denied any ability to prepare a proper defense." (Doc. 1, p. 5.) The Sixth Amendment protects a criminal defendant's "right . . . to be confronted with witnesses against him" or her. U.S. Const. amend VI. As the Tenth Circuit has noted, this confrontation right, along with due process rights protected by the Fifth Amendment, "provide defendants with the 'right to present a defense.'" *United States v. Palms*, 21 F.4th 689, 702-03 (10th Cir. 2021) (quoting *United States v. Oldman*, 979 F.3d 1234, 1252 (10th Cir. 2020)). The Sixth Amendment also provides a criminal defendant the right to the "Assistance of Counsel for his defence." U.S. Const. amend VI.

The complaint in this matter, however, does not allege any facts that could support a viable claim that Plaintiff's confrontation rights or his right to effective assistance of counsel under the Sixth Amendment were violated. Nor does Plaintiff specifically explain what provision of the Sixth Amendment was violated by his transfer. To the extent that Plaintiff intended in this or any other count of the complaint to assert a claim that his constitutional right to access the courts was violated, the viability of such a claim is discussed below, as part of the analysis of Count II. As it stands, even liberally construed, Count I is subject to dismissal for failure to state a claim upon which relief may be granted.

**Count II – Denial of Due Process and Equal Protection Rights**

First, Plaintiff asserts in Count II that his transfer to Florida violated a provision of the ICC. Plaintiff cannot rely on a violation of the provisions of the ICC to show grounds for relief in this matter because "'alleged violations of the [ICC] do not constitute violations of federal law and therefore are not actionable under § 1983." *See Counts v. Wyo. Dept. of Corrections*, 845 Fed. Appx. 948, 953 n.2 (10th Cir. 2021) (quoting *Halpin v. Simmons*, 33 Fed. Appx. 961, 964 (10th Cir. 2002)).

Plaintiff also asserts the violation of his Fourteenth Amendment rights to due process and equal protection, again pointing to his inability to "prepare a proper defense" while being

housed in Florida. (Doc. 1, p. 5.) There is a constitutional right to access the courts, and "providing access to a law library is an acceptable means of effectuating the right." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). But to plead a viable claim for relief based on denial of access to the courts, Plaintiff must allege sufficient actual injury. *See Lewis*, 518 U.S. at 351-52. As the United States Supreme Court explained, "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354.

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* at 351.

In the complaint, Plaintiff generally asserts that the lack of Kansas legal materials left him unable to file his 60-1507 motion on time, "caused [him] to lose [his] direct appeal" and his 60-1507 motion, and prevented him from "prepar[ing] a proper defense in [his] appeal," but he does not provide further detail. The complaint does not allege sufficient injury to state a claim for denial of access to the courts upon which relief may be

granted. Thus, Count II is subject to dismissal for failure to state a claim.

### Count III – Eighth Amendment Claim

In Count III, Plaintiff contends that Defendants inflicted upon him unconstitutional cruel and unusual punishment and demonstrated unconstitutional deliberate indifference [1] by transferring him to Florida and denying his requests to return to Kansas even after they were aware of his need to be present in Kansas to "properly prepare a defense." (Doc. 1, p. 6.)

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Smith v. Allbaugh*, 987 F.3d 906, 910 (10th Cir. 2021) (internal quotation marks and citations omitted). "Only deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)(internal citation omitted).

To state a claim of cruel and unusual punishment, Plaintiff must establish "deliberate indifference" by the Defendants, which

---

[1] Plaintiff also alleges gross negligence, but claims under § 1983 may not be based on negligence. *See Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("[N]egligence and gross negligence do not give rise to section 1983 liability.").

includes both an objective and subjective component. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). To satisfy the objective component, Plaintiff must allege facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer*, 511 U.S. at 834; *Martinez*, 430 F.3d at 1304. For the subjective component, Plaintiff must prove that each Defendant was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of possible risks.").

The complaint does not allege facts that support a plausible claim that Plaintiff suffered the type of punishment that violates the Eighth Amendment. Thus, Count III is subject to dismissal for failure to state acclaim upon which relief may be granted.

**B. Personal Participation**

This action is also subject to dismissal in part because Plaintiff fails to allege facts showing the personal participation of each defendant in the alleged constitutional violation. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210,

9

1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of each defendant's actions that violated Plaintiff's federal constitutional rights.

Plaintiff names only Defendants Zmuda and Cline in the caption but identifies additional defendants in the body of the complaint. He alleges that Defendant Burris approved his initial transfer to Florida, that Defendant Cline, at some unknown time, "sign[ed] off on classifying" Plaintiff in a way that left him unable to return to Kansas for incarceration there, that Defendant Norwood "affirmed and furthered" that classification and entered into the

ICC contract with Florida, and that Defendant Zmuda denied a written request from Plaintiff to be returned to Kansas.

An allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Thus, the complaint does not allege sufficient personal participation by Defendant Zmuda, and the allegations of personal participation by Defendants Cline and Norwood are sparse.

**C.Relief Sought**

**Punitive Damages**

Plaintiff seeks punitive damages, which are available in a § 1983 lawsuit. However, punitive damages "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff has not alleged facts that could support the conclusion that any Defendant's conduct was motivated by evil intent or that any Defendant was recklessly or callously indifferent to the federally protected rights of others. Thus, Plaintiff may not recover punitive damages.

11

**Injunctive Relief**

Finally, Plaintiff seeks "[i]njunctive relief ordering the [state district court] to reopen lost appeal and K.S.A. 60-1507" proceeding. (Doc. 1, p. 7.) Plaintiff cites no legal authority under which this Court, a federal district court, has the power to order Kansas state courts to take such actions. And generally speaking, injunctive orders bind only types of individuals; the Kansas state court system does not fall within those parameters. *See* Fed. R. Civ. P. 65 (discussing injunctions and restraining orders).

## IV.  Conclusion

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted. Plaintiff is granted to and including March 24, 2022 to show cause why this case should not be dismissed because of the deficiencies discussed above or to file a complete and proper amended complaint which corrects those deficiencies.[2] If Plaintiff does not file a response or a complete

---

[2] An amended complaint completely replaces the original complaint. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original complaint. The Court will not consider any claims or allegations not in the amended complaint. Plaintiff must write the number of this case (21-3289) at the top of the first page of the amended complaint. *See* Fed. R. Civ. P. Rule 10. He should refer to each defendant in the caption of the complaint and again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

and proper amended complaint within the given time that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint and will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 24, 2022** to file an amended complaint or a written response explaining why this matter should not be dismissed for the reasons stated above. The clerk is directed to send Plaintiff the appropriate form on which to file an amended complaint. The failure to file a timely response or amended complaint may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February, 2022, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

13