IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GROVER DON JAMES,

Plaintiff,

v.                                          CASE NO. 21-3289-SAC

JEFF ZMUDA, et al.,

Defendants.

MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's amended complaint (Doc. 7.) and motion to appoint counsel (Doc. 8). As explained below, the Court concludes that the amended complaint must be dismissed for failure to state a claim on which relief can be granted. Because the amended complaint demonstrates some of the same deficiencies identified in the Court's prior order directing the amended complaint, the Court will not allow Plaintiff an additional opportunity to amend.

I.   Background and Complaint

Plaintiff Grover Don James filed this pro se civil action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a Hard 50 sentence in the Kansas Department of Corrections (KDOC) for his 2016 convictions for first-degree murder and criminal possession. *State v. James*, 309 Kan. 1280, 1286, 1297 (2019). In his initial complaint, Plaintiff named as defendants Sam Cline, former warden

1

of Lansing Correctional Facility (LCF); Douglas Burris, whom Plaintiff alleges acted as the ICC coordinator; Joe Norwood, former Secretary of the KDOC; and Jeff Zmuda, current Secretary and former Acting Secretary of the KDOC. (Doc. 1, p. 1-3.)

Plaintiff alleged that in 2018, Burris approved Plaintiff's transfer to Florida to be incarcerated there under the authority of the Interstate Corrections Compact (ICC). Plaintiff asserted that the transfer left him without access to Kansas law and legal materials that he needed to properly prepare for his direct appeal and his subsequent motion for postconviction relief under K.S.A. 60-1507. *Id.* at 1-2. Plaintiff asserted that he wrote to Burris and Norwood asking to be transferred back to Kansas, but they and Zmuda denied his request; Cline "sign[ed] off classifying [Plaintiff] unable to house in the State of Kansas," a decision Plaintiff asserted Norwood "affirmed and furthered." *Id.* at 1, 3-5. As a result of his incarceration in Florida and the lack of Kansas legal materials there, Plaintiff contended, his direct appeal and his 60-1507 motion were both unsuccessful. *Id.* at 5.

In Count I of his complaint, Plaintiff claimed that Defendants violated his right to prepare a proper defense under the Sixth Amendment to the United States Constitution. *Id.* at 5. In Count II, Plaintiff claimed that the transfer and the resulting lack of access to Kansas legal materials violated the ICC and also his due process and equal protection rights under the Fourteenth

2

Amendment. *Id.* In Count III, Plaintiff claimed that Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 6. Plaintiff sought injunctive relief and punitive damages. *Id.* at 7.

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III.   Memorandum and Order to Show Cause

After conducting the initial screening, the Court issued a Memorandum and Order to Show Cause (MOSC) on February 22, 2022, identifying certain deficiencies in the complaint. (Doc. 6.) Specifically, the MOSC explained that Plaintiff had failed to allege sufficient facts to state a claim that his Sixth Amendment or Eighth Amendment rights were violated; violations of the ICC, as asserted in Count II, and gross negligence, as asserted in Count III, are not actionable under § 1983; and Plaintiff's failure to assert actual injury meant he had failed to state a plausible claim that his constitutional right to access the courts had been violated. The MOSC also explained that Plaintiff's claims were subject to dismissal because he failed to allege facts showing

that each defendant personally participated in an alleged constitutional violation and he identified defendants in the body of the complaint who were not named in the caption. Finally, the MOSC noted that Plaintiff sought injunctive relief this Court cannot grant and sought punitive damages but did not assert facts that supported a plausible claim that the relevant conduct was motivated by evil intent or involved reckless or callous indifference to federally protected rights. Thus, the MOSC directed Plaintiff to file a complete and proper amended complaint that cured the deficiencies in the initial complaint.

**IV.   Amended Complaint**

Plaintiff filed his amended complaint on March 1, 2022. (Doc. 7.) Therein, he again names Cline, Norwood, Zmuda, and Burris as defendants. *Id.* at 1. He raises only a single claim:  the violation of his First Amendment right to access the courts, which he asserts occurred when Defendants denied his request to return to Kansas even though the Florida prison where he was housed did not afford him access to Kansas case law and statutes. Plaintiff contends that the lack of access to Kansas law hindered his efforts to pursue the direct appeal of his convictions and his subsequent motion for state habeas relief under K.S.A. 60-1507. *Id.* at 2, 4-8.

Plaintiff asserts that his direct appeal and 60-1507 motion were "denied . . . for lack of supporting fact and case law," *id.*

at 3, and he "was time[-barred] from appealing [his] conviction on [his] direct appeal," *Id.* at 6. More specifically, he claims that his 60-1507 motion was denied "due to no access to Kansas law, to support issues [he] brought before the Courts." *Id.* at 6.

Plaintiff asserts that Norwood, Cline, and Burris approved his transfer to Florida, and Zmuda, Norwood, and Burris denied his written requests from Florida to be transferred back to Kansas. *Id.* at 4-5. He contends that because he informed the defendants that he needed to return to Kansas to get access to Kansas law needed to pursue state-court remedies, Zmuda, Burris, and Norwood were recklessly and callously indifferent to his federal rights when they denied his requests to return. *Id.* at 8. Plaintiff further informs this Court that he was returned to Kansas in January 2020, which he asserts shows that it was unnecessary for him to ever have been transferred to Florida. *Id.* at 7. As his sole relief, Plaintiff seeks punitive damages of $3,500,000. *Id.* at 10.

## V. Discussion

The Court has conducted the statutorily required initial screening of the amended complaint. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court liberally construes the amended complaint, since Plaintiff proceeds pro se, and accepts all well-pled factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S.

89, 94 (2007). Even doing so, however, the amended complaint remains deficient in some of the ways identified in the MOSC.

### Failure to State a Claim

As explained in the MOSC, there is a constitutional right to access the courts, and "providing access to a law library is an acceptable means of effectuating the right." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). But to plead a viable claim for relief based on denial of access to the courts, Plaintiff must allege sufficient actual injury. *See Lewis*, 518 U.S. at 351-52. As the United States Supreme Court explained, "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354.

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* at 351.

The MOSC noted:

> In the complaint, Plaintiff generally asserts that the lack of Kansas legal materials left him unable to file . . . his 60-1507 motion on time, 'caused [him] to lose [his] direct appeal' and his 60-1507 motion, [and] prevented him from 'prepar[ing] a proper defense in [his] appeal,' but he does not provide further detail.

6

> The Complaint does not allege sufficient injury to state a claim for denial of access to the courts upon which relief may be granted. Thus, Count II is subject to dismissal for failure to state a claim.

(Doc. 6, p. 7.)

In the amended complaint, Plaintiff alleges that he "was hindered from properly preparing a defense for [his] direct appeal from conviction" because the lack of access to Kansas state law left him unable to cite Kansas law to support his arguments. (Doc. 7, p. 2-3, 5-6.) Plaintiff was represented by counsel in his direct appeal, and he does not explain how his personal inability to access Kansas state law affected the success of his direct appeal. He has not, for example, identified an additional nonfrivolous legal claim that he would have pursued had he had access to Kansas law during his direct appeal. *See Counts v. Wyo. Dept. of Corrections*, 854 Fed. Appx. 948, 952 (10th Cir. 2021) ("[A] prisoner must 'demonstrate that the alleged shortcomings in the [prison] library . . . hindered his efforts to pursue a legal claim" and "show that [the] legal claim was not frivolous because '[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . .'"). Similarly, the amended complaint makes only general assertions that Plaintiff's efforts to obtain relief under K.S.A. 60-1507 were hindered by his lack of access to Kansas law.

As the MOSC explained, "[a]lthough the Court accepts well-pled factual allegations as true, a pro se litigant's 'conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.'" (Doc. 6, p. 4 (quoting *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009)).) Even liberally construing the amended complaint and taking all well-pled alleged facts as true, Plaintiff has not sufficiently explained how the lack of access to Kansas law hindered his efforts on direct appeal or in his 60-1507 proceeding. Thus, Plaintiff has failed to allege the plausible and sufficient actual injury required state a claim that he was denied access to the courts upon which relief can be granted.

### Personal Participation

In addition, this action is subject to dismissal as brought against Defendant Cline because Plaintiff again fails to allege facts showing his personal participation in the alleged constitutional violation. As explained in the MOSC, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). The only factual allegation in the amended complaint regarding Defendant Cline is that he approved the initial transfer

to Florida. Although the conditions in Florida form the basis for Plaintiff's claim for relief, the initial transfer does not.[1]

## Relief Sought

Finally, this matter is also subject to dismissal because the only relief Plaintiff seeks is punitive damages but the amended complaint does not allege facts that support a plausible conclusion that he is entitled to such relief. As explained in the MOSC, punitive damages are available in a § 1983 lawsuit, but "only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" (Doc. 6, p. 11 (quoting *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001)).)

In the amended complaint, Plaintiff alleges that Defendants Zmuda, Burris, and Norwood acted with reckless and callous indifference to his right to access the courts when they denied his requests to return to Kansas. (Doc. 7, p. 8.) But Plaintiff does not attach copies of these denials, so the Court cannot conclude that they plausibly support the required intent. As noted in the MOSC, conclusory allegations are insufficient to state a claim upon which relief can be based. *See Smith*, 561 F.3d at 1098. Similarly, Plaintiff's contention that his return to Kansas

---

[1] The Court also notes that, as explained in the MOSC, it is questionable whether the factual allegations that the remaining Defendants denied written request for a transfer back to Kansas is sufficient to show their direct personal participation in the alleged constitutional violation.

demonstrates that he could have been housed in Kansas all along is merely a conclusory allegation. Accordingly, Plaintiff's alleged facts do not support a plausible conclusion that Defendants acted with the evil intent or callous disregard necessary to award punitive damages.

## VI. Motion to Appoint Counsel (Doc. 8)

Plaintiff has also filed a second motion to appoint counsel. It is denied for substantially the same reasons as his first motion (*see* Order, Doc. 5).

## VII. Conclusion

For the reasons stated herein, this action will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court finds that dismissal of this matter counts as a strike under the PLRA. Thus, if Plaintiff accumulates two more strikes, he will be unable to proceed in forma pauperis in future

civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 8) is **denied.**

**IT IS SO ORDERED.**

DATED:  This 17th day of March, 2022, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge